HENDRY, Judge.
The appellant was the plaintiff below. She filed this law suit against the appellee to recover her damages for the loss of her personal property which the appellee was transporting from New York to Florida. The appellee, a common carrier, denied that the loss of the personal property was due to its negligence or carelessness, and affirmatively defended its position by relying on a certain provision contained in a contract entered into between the parties, which lim *440 ited recovery to a “released value” of 30?! per pound of the goods lost. The appellant’s cause of action stems from the following theory:
(a) 49 U.S.C.A. § 20(11) is the controlling section of the Interstate Commerce Act which requires that a common carrier shall be liable to a shipper for any loss, damage or injury to the property of the shipper, and that no contract, receipt, rule, regulation or other limitation of any character whatsoever shall exempt such common carrier from being liable for the full actual loss unless that common carrier can affirmatively show that any proposed limitations on its liability to the shipper was first brought to the shipper’s attention, and also that the shipper was given a choice to contract with or without such limitation, and finally that the limitation of liability agreed to was in writing;
(b) that nothing in the record affirmatively demonstrates that appellant-shipper was advised of any limitations on the carrier’s liability to her, or was given a choice to contract without the limitation of liability, or agreed in writing to such limitation; and
(c) that a jury should make the factual resolution as to whether or not the appel-lee-carrier had affirmatively done those acts required of it in order to limit its liability for the shipper’s loss.
The appellee moved for summary judgment, on the grounds that the record before the trial judge conclusively demonstrated no material issues of fact, and that as a matter of law, the appellee’s liability was limited to 30?! per pound for the shipper’s lost property, or at most, $1,000.00 as the maximum insured value of the goods. The trial court granted the appellee’s motion for summary judgment, and entered its final summary judgment finding the appel-lee liable to the appellant for the “release value” of the lost property, i. e., 1,260 pounds of property computed at 30^ per pound or $378.00.
After closely reviewing the record, we are of the opinion that a jury question was presented as to whether or not the appellee affirmatively met the prerequisites required of it in order to limit its liability to a shipper. Therefore, the final summary judgment is hereby reversed and the cause remanded for further proceedings consistent herewith.
Reversed.